IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CARLOS LURAN HARRIS, § | | |
|    TDCJ-CID #1607259, § | | |
| § | | |
| VS. § | | C.A. NO. C-09-324 |
| § | | |
| CESARIO S. PEREZ, ET AL. § | | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This case was filed as a civil rights action by a state prisoner pursuant to 42 U.S.C. § 1983.

Under the Prison Litigation Reform Act, Pub. Law. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992). Applying these standards, plaintiff's claims seeking damages for his allegedly unlawful detention are dismissed for failure to state a claim pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii). However, his claims challenging the fact or duration of his sentence are dismissed without prejudice to his raising those claims in a habeas corpus petition.

## I. Jurisdiction.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Upon consent of the plaintiff (D.E. 6), this case was referred to the undersigned United States magistrate judge to conduct all further proceedings, including entry of final judgment. See 28 U.S.C. § 636(c).

## II. Background facts and plaintiff's allegations.

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Divisions, and is currently incarcerated at the Dominguez State Jail in San Antonio, Texas. He filed this action on November 17, 2009, challenging as unconstitutional his arrest in Louisiana and subsequent conviction in Nueces County. He named as defendants the following individuals: Officer Cesario Perez; Rosa Mitchell; Sheriff Jim Kaelin; Attorney Frank R. Gonzales; Judge Manuel Banales; District Attorney Sales; and District Clerk Patsy Perez. (D.E. 1).

A Spears[1] hearing was conducted on January 27, 2010. The following allegations were made in plaintiff's original complaint, or at the hearing:

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

On July 5, 2009, plaintiff was arrested in Rayville, Louisiana, to be extradited to Nueces County on a cocaine possession charge in Cause No. CR-08-3355-D. On July 6, 2009, Louisiana officials told him that the cocaine possession charge was null and void, but that defendant Mitchell had requested he be held until a governor's warrant was obtained. On August 25, 2009, Louisiana received the governor's warrant. This warrant also reflected a cocaine possession charge, and had a similar cause no: CR-08-3555-D.

On September 9, 2009, plaintiff was transferred to Nueces County on a charge of possession of cocaine; but on October 7, 2009, he was arraigned on a charge of *delivery* of cocaine. Plaintiff complained about the discrepancy in the charges, but his court-appointed attorney, defendant Gonzales, refused to help him. That same day, plaintiff filed a state writ of habeas corpus. Defendant Perez returned the state writ unfiled noting that plaintiff had not yet been convicted of an offense such that the writ was premature.

On November 9, 2009, the case went to trial, and on November 10, 2009, plaintiff was found guilty.

Plaintiff has not re-filed his state writ, nor has he filed an application for a federal writ of habeas corpus. Plaintiff is seeking to have his conviction set aside, to be released, and damages against defendants for his allegedly illegal arrest and detainment.

### III. Discussion.

#### A. Legal standard

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42

U.S.C. § 1997e(c)(2).  "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002).  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  Id.

**B.    Analysis.**

In this action, plaintiff is challenging as unconstitutional his Nueces County conviction and sentence, and he seeks damages for the loss of his job, house, finances, and the "unnecessary and mentally tortuous punishment." (D.E. 1 at 4).

A prisoner cannot challenge the fact or duration of his confinement in a § 1983, as these types of claims are properly brought in habeas corpus after exhausting available state court remedies.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Kimbrell v. Cockrell, 311 F.3d 361, 362 (5th Cir. 2002).  Because plaintiff is seeking to set aside his conviction for delivery of cocaine, he must raise those claims in a habeas corpus proceeding.  Moreover, he cannot seek damages for an allegedly unconstitutional sentence unless he can first demonstrate that the challenged sentence has been set aside or overturned. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) ("in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

4

unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned])". Thus, plaintiff fails to state a § 1983 claim for damages because the challenged conviction has not yet been set aside or overturned.

Plaintiff testified that he has not exhausted his state court remedies. Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." Sones v. Hargett, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion reflects a policy of federal/state comity. See Coleman v. Thompson, 501 U.S. 722, 730-31 (1991). To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present the substance of his claim to the state courts. See Finley v. Johnson, 243 F.3d 215, 219 (5th Cir. 2000) (citing Picard v. Connor, 404 U.S. 270, 275-76 (1971)). Because plaintiff has not exhausted his state court remedies, conversion of this case to a § 2254 proceeding is not warranted. Plaintiff's habeas corpus claims will be dismissed without prejudice to his raising those claims in a properly filed habeas corpus proceeding.

**IV.    Conclusion.**

Plaintiff has failed to state a claim upon which § 1983 relief can be granted. His claims challenging his conviction and sentence can be maintained only in a habeas corpus proceeding, subject to exhaustion. To the extent he seeks damages for an allegedly unlawful conviction, those claims are not cognizable unless and until he can demonstrate that the challenged sentence has been set aside. Accordingly, plaintiff's § 1983 claims for damages

are dismissed for failure to state a claim.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(ii).  To the extent plaintiff's claims are habeas in nature, those claims are dismissed without prejudice.

ORDERED this 28th day of January, 2010.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE